**LAW OFFICES OF NOLAN KLEIN, P.A.**                ATTORNEYS & COUNSELORS

**112 W. 34TH STREET, SUITE 1800**
**NEW YORK, NY 10120**
**PH: (646) 560-3230**

**5550 GLADES ROAD, SUITE 500**
**BOCA RATON, FL 33431**
**PH: (954) 745-0588**

www.nklegal.com                                            Nolan Klein, Esq.
                                                           klein@nklegal.com

February 8, 2023

**VIA ECF**
Honorable J. Paul Oetken
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Correa, et. al v. Green City Cleaner NYC, LLC, et al.*
            SDNY Case No.: 1:22-cv-06742

Dear Judge Oetken:

Plaintiffs, Heidy Andrea Gil Correa and Hedy Acosta (collectively "Plaintiffs") and Defendants, Green City Cleaners NYC, LLC ("Green City") and Jonathan Morales (collectively "Defendants") respectfully request that Your Honor approve the mediated settlement reached in this matter, pursuant to *Cheeks v. Freeport Pancake House*, 796 F. 3d 199 (2d Cir. 2015). A copy of the executed settlement agreement (the "Agreement") is annexed herein as **Exhibit A**.

### Settlement Amount

The Agreement resolves all claims brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), by payment to Plaintiffs in the amount of $45,000.00. This settlement was reached by mediation, through this Court's mediation program. As part of this motion, Plaintiff's counsel requests $15,000.00, in attorney's fees and costs, or 1/3 of the settlement amount. For the reasons outlined below, the Court should approve this $45,000.00 settlement as a fair and reasonable compromise of the claims against Defendants in this case.

### Factual Background

On August 8, 2022, Plaintiff, Heidy Andrea Gil Correa, commenced this action, alleging that Defendants failed to pay all due overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), as well as failure to provide written notices required by the Wage Theft Prevention Act ("WTPA"). *D.E. 1*. On September 12, 2022, Plaintiff, Hedy Acosta, filed her consent to join this action as an additional party plaintiff. *D.E. 7*. Specifically, Plaintiffs alleged that they were employed as cleaners within the Defendants' cleaning business, and that they were not paid overtime for hours worked over 40 in a workweek, were not paid "spread of hours" when they worked 10 hours or more in a workday, and were not

provided documentation required by the WTPA. Defendants filed their answer and affirmative defenses on November 1, 2022. *D.E. 13*. Defendants asserted multiple defenses, including that Plaintiffs were not employees but independent contractors, inasmuch as they were free to work, or not work, at any time, were free to work for others, were not trained by defendant Green City, and were not obligated to render services to defendant Green City on any particular or specific days or for any number of hours in a particular week or time period. Defendants assert that nothing is owed to Plaintiffs, and that their documentary and testimonial evidence would refute any contrary witness testimony or documentary evidence produced by Plaintiffs.

On November 30, 2022, this Court referred this matter to the Court annexed mediation program. *D.E. 17*. Mediation was scheduled to take place on January 23, 2023. Ahead of the mediation, the parties exchanged significant data. Plaintiffs first provided a spreadsheet showing amount owed pursuant to their recollections, and without the benefit of specific documentation. Defendants then provided time and pay records for both Plaintiffs; specifically, Defendants provided information showing the exact time that each Plaintiff clocked in and out for work and showing every day that they worked. These records allowed the Plaintiffs to be very precise in calculating the overtime hours during which "half time" was not paid, Plaintiff calculated the numbers to be approximately $6,372 for Ms. Correa and $6,655 for Ms. Acosta. Adding unpaid "spread of hours" pay, which was specifically calculated using the contemporaneous records, and $10,000 to each Plaintiff as the maximum recoverable pursuant to the New York WTPA, the total damages came to $18,052 for Ms. Correa and $19,175 for Ms. Acosta (assuming Plaintiffs were deemed to be "employees" and full liability on Defendants' part[1]).

On January 23, 2023, the parties attended mediation. Although Defendants continued to take the position that Plaintiffs are not owed anything, all parties acknowledged that they face risks of not being able to prevail on some or all of their claims and/or defenses if this case were to proceed to trial. The parties therefore reached an agreement whereby Defendants will pay Plaintiff $45,000 to resolve this matter, inclusive of Plaintiffs' legal fees and costs. *Exhibit "A."* The agreement in this case releases Defendants from FLSA and other labor related claims only. As set forth more fully below, the settlement is fair, reasonable, and the product of arm's length negotiations at mediation. For these reasons and those set forth in further detail below, the settlement should be approved.

After the deduction of legal fees payable to Plaintiffs' counsel (Plaintiffs' counsel has agreed to waive costs) totaling one third (or $15,000) this results in a settlement payment to each Plaintiff of $15,000, which is a substantial share of the amount each Plaintiff is owed, even assuming full liability on the part of these Defendants (who contest liability in this case). This clearly reflects a reasonable compromise between the parties' disputed positions in this matter. This settlement considers the costs and the uncertainty of protracted litigation and was reached during a mediation session with James Brown, Esq., an experienced employment law mediator and a member of this District's Mediation Panel.

---

[1] In addition to their claims that Plaintiffs were not "employees" and therefore not entitled to any relief demanded in the complaint, Defendants disputed that Plaintiffs, even if they were deemed "employees", were entitled to "spread of hours compensation."

**Fairness of the Settlement Agreement**

Pursuant to *Cheeks*, "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court." *Cheeks*, 796 F.3d at 206; *see also Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In evaluating the fairness of the agreement, the District Court may utilize the factors set forth by *Wolinsky,* 900 F. Supp. 2d 332, 335. Those factors are:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotations omitted).

It is respectfully submitted that all *Wolinsky* factors require approval of the mediated settlement agreement. As to the first factor, Plaintiffs proposed ultimate recovery (*after* deduction of legal fees) represents a large percentage of their total alleged damages (83% for Ms. Correa and 78% for Ms. Acosta). *See Chowdhury v. Brioni America, Inc.*, 2017 WL 5953171 at *2 (S.D.N.Y. 2017)(net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); *Redwood v. Cassway Contracting Corp.*, 2017 WL 4764486 at *2 (S.D.N.Y. 2017) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); *Beckert v. Ronirubinov*, 2015 WL 8773460, at *2 (S.D.N.Y. 2015) (approving a settlement constituting 25% of the maximum possible recovery). Even absent the significant litigation risks in this case (discussed further below), this clearly represents a fair and reasonable settlement. As to the second factor, this agreement resolves a *bona fide* dispute over genuinely contested issues, namely whether Plaintiffs are independent contractors or employees, and whether, and to what extent, Plaintiffs were not paid monied owed. These are contested issues which will require significant litigation, attorney time, and expense. Plaintiffs and Defendants believe that is in their best interests to resolve on the current terms rather than to be subject to protracted and expensive additional litigation, including the burdens and risks thereof.

Next, as to the third factor, the parties face serious litigation risks as to both liability and damages. Plaintiffs risk being proven to be independent contractors and entitled to nothing, and Defendants risk having to pay more to Plaintiffs than was agreed herein, as well as untold additional legal fees to their own counsel, and if Plaintiffs prevail, to Plaintiffs' counsel as well. As to the fourth factor and fifth factor, the arm's length nature of the negotiations, including through an experienced mediator, all weigh heavily in favor of *Cheeks* approval. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012) ("[T]ypically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement"); *Hernandez v. C-Penn Foods Inc.*, 2011 U.S. Dist. LEXIS 144798, at *2 (S.D.N.Y. Dec. 13, 2011) ("[G]iven the disputed issues of fact relating to Plaintiff's wage claims and the fact that the settlement was reached pursuant to arm's length negotiations, the Court finds that the settlement agreed to in this action is fair and

reasonable."). The negotiations in this case were not only arm's length but resulted from mediation through a third-party mediator appoint through this Court; as such, there is no possible question that negotiation were *bona fide* and arm's length.

## Attorney's Fees and Costs

There are three timekeepers reflected on the attached timesheets. Nolan Klein, Esq. has been practicing law since 2003, and since 2012 in New York. He was admitted to practice in this District in 2013 and is also admitted in the Southern, Middle and Northern Districts of Florida, the Eastern, Western, and Northern Districts of New York, Southern and Northern Districts of Texas, and the Eleventh and Second Circuit Courts of Appeal. Mr. Klein has represented clients in almost one thousand lawsuits, including approximately 850 lawsuits in federal court, and in more than 120 FLSA cases. Mr. Klein has appeared on national media as a legal and litigation expert, and has taught several national CLE classes, including a CLE classes on how to represent clients in FLSA litigation, and in federal litigation generally. Mr. Klein's time is billed at $550.00 per hour in this case. Laura Adame, Esq. received her law degree from Hofstra University and has been admitted to practice law in New York since 2020. She is admitted to practice before this Court, is fluent in Spanish, and assist in representing clients in FLSA cases, including her work done in this case. Her time is billed at $225.00 per hour. Melanie Delgado, received her law degree in Mexico in 2020 from the Universita Automona de Nuevo Leon, and works for Plaintiffs' counsel as a paralegal focused on the needs of Spanish speaking employees in labor and employment matters. Ms. Delgado is billed at $175.00 per hour. It is respectfully submitted that the time and hourly rates reflected within the attached timesheets are reasonable in this case.

As to amount, Plaintiffs' Attorney's fees in FLSA matters may be calculated as either (a) a percentage of recovery or (b) as the product of a reasonable hourly rate and the reasonable number of hours expended (the loadstar method). *Flores v. Food Express Rego Park, Inc.*, 2016 U.S. Dist. LEXIS 11351 at *6-7 (E.D.N.Y. 2016) *citing McDaniel v. City of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010)). As to the percentage of recovery method, "[i]n this Circuit, courts typically approve attorney's fees that range between 30 and 33[percent]." *Thornhill v. CVS Pharm., Inc.*, 2014 U.S. Dist. LEXIS 37007, *3 (S.D.N.Y. 2014); *Briggs v. DPV Transp., Inc.*, 2021 U.S. Dist. LEXIS 245830, *5 (S.D.N.Y. 2021)("Courts in the Second Circuit routinely award attorneys' fees in FLSA settlements of one-third of the total recovery"); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. 2013)(same). "Even where attorney's fees are calculated with the percentage method, courts must still independently ascertain the reasonableness of the requested fees." *Mobley v. Five Gems Mgmt. Corp.*, 2018 U.S. Dist. LEXIS 59104 (S.D.N.Y. 2018) *citing Run Guo Zhang v. Lin Kumo Japanese Rest. Inc*., 2015 U.S. Dist. LEXIS 115608, at *2 (S.D.N.Y. 2015). "To do so, courts typically perform a lodestar "cross-check": They compare the fees generated by the percentage method with those generated by the lodestar method." Id. *citing Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)(encouraging the practice "of requiring documentation of hours as a 'cross check' on the reasonableness of the requested percentage"). "[W]here [the lodestar method is] used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court.' *Id.*

Here, as permitted by the relevant retainer agreements, Plaintiffs' counsel seeks 1/3 of the total recovered as contingency legal fees in this case, or $15,000. Plaintiffs' counsel waives the right to recover anything additional as costs. Attached hereto as Exhibit "B" are the timesheets for this case, so that the Court may conduct a "cross-check" if it so chooses. Because a 1/3 contingency fee is "commonly approved" in this Circuit, and particularly because the loadstar "cross-check" reveals legal fees significantly more than this 1/3 contingency fee, Plaintiffs respectfully request that the contingency fee in this case also be approved as fair and reasonable.

## Conclusion

For the foregoing reasons, counsel for all parties jointly and respectfully request that the Court approve the parties' settlement agreement as fair and reasonable and dismiss this action with prejudice. *See Reyes v. Altamarea Group, LLC*, 2011 U.S. Dist. LEXIS 115984, at *14-*17 (S.D.N.Y. 2011).

                                                    Respectfully submitted,

                                                    */s/ Nolan K. Klein*
                                                    Nolan K. Klein, Esq.

cc:    Bart Eagle, Esq. (via ECF)